## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN NICOL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-926-GPM |
| | ) | |
| MERCK & CO, INC., and WALGREEN | ) | |
| CO., d/b/a WALGREENS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion for remand brought by Plaintiff John Nicol (Doc. 12).  For the following reasons, the motion is **GRANTED**.

Nicol originally filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging personal injuries as the proximate result of ingesting Vioxx, a prescription pain medication.  He asserts claims for strict products liability, negligence, consumer fraud, negligent misrepresentation, and common-law fraud against Defendant Merck & Co., Inc. ("Merck"), the manufacturer of Vioxx.  Also, Nicol asserts claims for strict products liability, negligence, and breach of warranty against Defendant Walgreen Co. ("Walgreens") in connection with prescriptions for Vioxx that Walgreens filled for him.  Merck removed the case from state court to this Court in federal diversity jurisdiction.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441; *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *6 (S.D. Ill. Sept. 27, 2006).  The familiar rule of complete diversity requires that, in most instances, for a federal court to exercise jurisdiction in diversity no plaintiff may be a citizen of the

same state as any defendant.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Lyerla v. Amco Ins. Co.*, No. CIV. 06-679-GPM, 2006 WL 3360505, at *1 (S.D. Ill. Sept. 27, 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).

In this case, diversity of citizenship is not complete.  Merck is a New Jersey citizen.  *See* 28 U.S.C. § 1332(c)(1).  Nicol is an Illinois citizen, as is Walgreens.  Merck asserts that Walgreens has been fraudulently joined to defeat diversity jurisdiction because Nicol has no possibility of establishing a cause of action against Walgreens in Illinois state court.  *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006).  Specifically, Merck contends that Nicol's claims against Walgreens are barred under Illinois law by the so-called "learned intermediary" doctrine, the settled principle that, where a manufacturer of a prescription drug has given adequate notice of the drug's known harmful propensities to a plaintiff's prescribing physician, the manufacturer and others in the drug's chain of distribution, such as pharmacists, are relieved of liability for harm caused by the drug.  *See Riddle v. Merck & Co.*, Civil No. 06-172-GPM, 2006 WL 1064070, at *3 (S.D. Ill. Apr. 21, 2006) (applying Illinois law); *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 42-43 (Ill. 2002); *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 513 N.E.2d 387, 392-93 (Ill. 1987); *Proctor v. Davis*, 682 N.E.2d 1203, 1211 (Ill. App. Ct. 1997); *Leesley v. West*, 518 N.E.2d 758, 761-62 (Ill. App. Ct. 1988); *Mahr v. G.D. Searle & Co.*, 390 N.E.2d 1214, 1229-30 (Ill. App. Ct. 1979).

The Court specifically has held in other actions involving alleged personal injuries caused by Vioxx that the learned intermediary doctrine is a case-dispositive defense common to diverse and non-diverse defendants that cannot be asserted as a basis for fraudulent joinder.  *See Mannings v. Merck & Co.*, No. 06-634 GPM, 2006 WL 3366457, at \*1 (S.D. Ill. Oct. 12, 2006); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at \*2 (S.D. Ill. Aug. 11, 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998-1006 (S.D. Ill. 2006).  As the Court stated in *Brooks*,

> Under Illinois law, the learned intermediary doctrine is fundamentally a device for shifting liability for harm caused by a product, such as a prescription drug, onto doctors and away from others in the product's chain of distribution.
>
> \* \* \* \*
>
> Once a manufacturer has given adequate warning of the known dangerous propensities of a prescription drug, a physician's decision to prescribe the drug becomes an issue of the physician's reasonable exercise of professional judgment.

443 F. Supp. 2d at 999.  Accordingly, in this case, as in *Brooks*, "[i]f the Court holds that Merck gave adequate warning to physicians, thus absolving Walgreens of liability, Merck is absolved of liability as well.  Thus, the learned intermediary doctrine clearly is an issue that goes not to the Court's jurisdiction but to the merits of Plaintiff's claims for relief."  *Id.* at 1003.  *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932-41 (S.D. Ill. 2006) (rejecting allegations of fraudulent joinder premised on grounds equally dispositive of the liability of diverse and non-diverse defendants alike); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at \*\*5-9 (S.D. Ill. June 6, 2006) (same); *Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 916-17 (S.D. Ill. 2004) (same).  *Cf. Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at \*3 (S.D. Ill. May 4, 2006) (in a case removed pursuant to 28 U.S.C. § 1452, noting that joinder of a diverse defendant would not have permitted the exercise of diversity jurisdiction

on the grounds that the non-diverse defendant currently named in the case was fraudulently joined because the plaintiffs' misrepresentation claims were not cognizable under the Illinois consumer fraud statute:  "[T]he Court could not find fraudulent joinder on the basis of a defense equally applicable as between [the diverse defendant] and [the non-diverse defendant].");  *McNichols v. Johnson & Johnson*, No. CIV. 06-160-GPM, 2006 WL 3360542, at *2 (S.D. Ill. Apr. 19, 2006) (expressing "skeptic[ism]" about the propriety of a claim of fraudulent joinder based on the learned intermediary doctrine because the defense "implicate[d] issues about foreseeability and causation germane to the liability of both the [diverse defendants] and [the non-diverse defendant]" in the case).

   "To show fraudulent joinder, defendants must show a flaw specific to the joinder of the non-diverse party, which is the jurisdictionally relevant aspect of the claim."  *Brooks*, 443 F. Supp. 2d at 1004 (quoting *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 475 (S.D.N.Y. 2000)).  In this instance Merck asserts no flaw specific to the joinder of Walgreens and instead merely raises a defense equally dispositive of Nicol's claims for relief against both Merck and Walgreens.  However, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.  Instead, that is a merits determination which must be made by the state court."  *Id*. at 1002 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3ᵈ Cir. 1990)).  Merck's allegations of fraudulent joinder are merely an assertion that Nicol's case "[is] ill founded as to all the defendants," and therefore those allegations must be rejected.  *Id*. (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)).  *See also McNichols*, 2006 WL 3360542, at *2 (citing *Smallwood v. Illinois Cent.*

*R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)) (noting that, if a finding of fraudulent joinder as to a non-diverse defendant will have law-of-the-case effect as to the liability of diverse defendants, "the 'jurisdictional' issue is in fact a challenge to the merits of a plaintiff's claim for relief that must be resolved in state court."); *Davila v. American Home Prods. Corp.*, No. Civ. EP-03-CA-279(KC), 2004 WL 557176, at *4 (W.D. Tex. Feb. 3, 2004) (citing *Cockrell*, 232 U.S. at 153) (rejecting a claim of fraudulent joinder based on a defense of preemption of state law by federal law where the "issue pervade[d] the merits of the case" and was not "limited to the defendants claimed to have been fraudulently joined.").

To conclude, Nicol's motion for remand (Doc. 12) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Clerk of Court is **DIRECTED** to close the file in this case and to mail a certified copy of this Order to the clerk of the state court.

**IT IS SO ORDERED.**

DATED: 12/22/06

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge